UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EARL WHITE,

        Plaintiff,

Case No. 1:08-cv-277

Hon. Robert J. Jonker

vs.

CORRECTIONAL MEDICAL SERVICES,
INC., *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's ex parte "petition for immediate preliminary injunctive relief" (docket no. 3).

**I.**    **Background**

Plaintiff sets forth the following allegations in this complaint. In December 2004, prior to plaintiff's present incarceration at the Michigan Department of Corrections (MDOC), he sustained serious injuries to the right femur, left ankle, various vertebrae and neck. These injuries required both corrective surgery and orthopedic aids (i.e., high top ankle support shoes, an insert to compensate for the difference in his leg length, a neoprene sleeve for the right knee and a "memory foam mattress" for his back and neck injuries). Plaintiff was arrested and transported to the Saginaw County Jail in June 2006. Dr. Wolohan of the Saginaw Valley Bone and Joint Clinic treated plaintiff while he was held in the jail. In March 2007, the doctor determined that two screws were "broken" in his right femur. However, plaintiff did not receive any treatment at that time.

In July 2007, plaintiff was transferred to the MDOC, where a doctor ordered antibiotics, pain medication and shoes. He was sent to the MDOC's Carson City correctional facility, where in September 2007, RN Marble: prescribed him antibiotics for a scalp and armpit infection; ordered him "high-top gel shoes;" increased the pain medication for his injuries; and requested a specialist to review his right thigh. In October 2007, defendant S. Moore presented plaintiff with shoes, a left ankle brace and "gel heel cups." However, this was the "wrong" equipment and Moore had to re-order appropriate items. On November 10, 2007, defendant Susan Havens wrote plaintiff two major misconducts for disobeying a direct order and substance abuse. A hearings officer found plaintiff guilty of both charges. Then, on January 9, 2008, plaintiff was transferred to the West Shoreline Facility, where he was examined by P.A. Tom Lanore in January and February 2008. Lanore wanted more x-rays, asked plaintiff to sign a release for outside medical records, and told plaintiff that the "correct shoes were being ordered." Plaintiff filed his complaint on March 21, 2008.

Plaintiff alleges that the scalp infection is still present, that he has lower back pain, and that he sustained long term damage to his left ankle, leg and knee. Plaintiff seeks injunctive relief with respect to his medical conditions, including a court order requiring defendants to provide him with "the correct orthopedic aids" such as "an air mattress for back, effective pain relief, correct shoes, neoprene brace for right knee, consult with all specialists needed to ascertain the damage already done and prevent <u>future</u> [sic]" (emphasis in original). In addition, plaintiff wants the court to remove the major misconducts issued against him by defendant Havens, because these will prevent him from consideration for parole and employment as a law clerk. Finally, plaintiff demands monetary damages "in excess of 1.5 million dollars."

### II. Plaintiff's "petition"

Plaintiff's "petition for immediate preliminary injunctive relief" asks the court: to order the MDOC and Correctional Medical Services, Inc. (CMS) to immediately schedule appointments with a neurologist, orthopedic specialists and a doctor to evaluate his condition and to "order that [the] MDOC must not allow the misconduct of November 10, 2007, guilty finding . . . to be considered by the Michigan Parole Board." Because it is unclear whether plaintiff seeks a temporary restraining order (TRO) or a preliminary injunction, the court will review this "petition" as seeking both types of relief.

### A. Plaintiff's request for a TRO

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight.

3

*In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

Here, plaintiff is not entitled to a TRO, because he has failed to present an affidavit or verified complaint containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). While plaintiff filed a verified complaint and "petition," these documents

do not "clearly show" that he will suffer immediate and irreparable injury, loss or damage before defendants can be heard on his claims. The "petition" seeking injunctive relief contains only conclusory statements regarding plaintiff's alleged injuries and treatment. While the petition cites seven exhibits (referred to as attached exhibits 1 through 7), there are no such exhibits in the court record. In summary, there is no factual evidence to support plaintiff's claim that he suffers from immediate and irreparable injury arising from his medical condition. On the contrary, the allegations as set forth in plaintiff's complaint and petition indicate that he has received ongoing medical treatment since his transfer to the MDOC. "An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Furthermore, plaintiff apparently wants this court to expunge his prison record, because he fears that the existence of the major misconducts will prevent a favorable review from the Michigan Parole Board. However, plaintiff provides no factual basis or legal authority to support such extraordinary judicial action as part of a TRO. Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts*, 282 U.S. 660, 674 (1931). Accordingly, plaintiff's request for a TRO should be denied.

### B.    Preliminary injunction

Finally, to the extent plaintiff seeks a preliminary injunction, such a request is procedurally improper. Fed. Rules Civ. Proc. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." *See Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as

mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law"); *Consolidation Coal Co. v. Disabled Miners of Southern W. Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of an ex parte preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'"). Plaintiff's status as a pro se litigant does not excuse him from these procedural requirements. A pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir.1991). Accordingly, plaintiff's motion for the issuance of an ex parte preliminary injunction should be denied.

### III.    Recommendation

For these reasons, I respectfully recommend that plaintiff's ex parte petition for a TRO or preliminary injunction (docket no. 3) be **DENIED**.


Dated:  August 13, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).