UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EARL WHITE,

        Plaintiff,

                                      CASE NO. 1:08-CV-277

v.

                                      HON. ROBERT J. JONKER

CORRECTIONAL MEDICAL
SERVICES, et. al.,

        Defendants.
_____/

**ORDER APPROVING REPORT AND RECOMMENDATION
AND DENYING PRELIMINARY EQUITABLE RELIEF**

        The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 28) filed on August 13, 2008.  Plaintiff filed his Objections to the Report and Recommendation (docket # 35) on September 10, 2008.

        Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Plaintiff's Petition for Immediate Preliminary Injunctive Relief (docket # 3) be denied. Magistrate Judge Brenneman construed the petition as a request for either a temporary restraining order ("TRO") or preliminary injunction.[1] The Report and Recommendation concludes that Plaintiff is not entitled to a TRO because he failed to show he will suffer irreparable injury if the TRO is denied. The Report and Recommendation concludes that Plaintiff is not entitled to a preliminary inunction because he failed to comply with the notice requirements of FED. R. CIV. P. 65(a)(1). Plaintiff objects to the Report and Recommendation only insofar as it concludes that he failed to establish irreparable harm. After a de novo review of the record, the Court agrees with Magistrate Judge Brenneman that preliminary equitable relief is unwarranted in this case.

**I. Legal Framework**

Plaintiff seeks an order (1) expunging a "major misconduct" ticket from his prison record; and (2) requiring Defendants to schedule Plaintiff for an appointment with a medical specialist or transfer him to another correctional facility in preparation for surgery on his leg. Plaintiff alleges that Defendants' decision to issue the major misconduct ticket violated his First Amendment right to free speech and that Defendants' approach to his medical treatment violates the Eighth Amendment ban on cruel and unusual punishment.

A plaintiff seeking a TRO or preliminary injunction bears a heavy burden. Such relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of

---

[1] Although entitled "Petition for Immediate Preliminary Injunctive Relief," Plaintiff's petition references FED. R. CIV. P. 65(b), which governs the issuance of a temporary restraining order. Plaintiff's Objections to the Report and Recommendation (docket ## 34-35) reference FED. R. CIV. P. 65(a), which governs the issuance of a preliminary injunction.

proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In considering a request for preliminary relief, the Court engages in a four factor balancing test. *Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The Court considers:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

*Id.* Additionally, where a prisoner seeks an order enjoining state prison officials, the Court must proceed with caution and due deference to the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 132, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Ultimately, the decision of whether to issue a TRO or preliminary injunction is a matter left to the district court's discretion. *See Rock & Roll Hall of Fame*, 134 F.3d at 753.

In this case, there is some uncertainty about whether Plaintiff is seeking a TRO or a preliminary injunction. Although both remedies are subject to the four-factor balancing test described above, *see Sandison v. Michigan High School Athletic Ass'n, Inc.*, 64 F.3d 1026, 1029-30 (6th Cir. 1995), there are procedural requirements particular to each remedy. Rule 65(a)(1) states, "The court may issue a preliminary injunction only on notice to the adverse party." At the time the Magistrate Judge issued the Report and Recommendation, Plaintiff had not served a copy of his Petition for Immediate Preliminary Injunctive Relief (docket # 3) on Defendants.[2] FED. R. CIV. P.

---

[2] Plaintiff later attempted to cure this procedural defect. Plaintiff includes in his Objections to the Report and Recommendation (docket # 35) a Proof of Service stating that he served a document entitled "Plaintiff's Motion & Notice for Immediate Consideration of Preliminary Injunction and Affirmative Showing of Exhaustion of Administrative Remedies." There is no document in the record bearing such a title, but Plaintiff may be referring to a document entitled "Notice of Proper Request for Preliminary Injunction with Evidence Support Affirmative Showing

65(b) allows the court to issue a TRO without notice to the adverse party, but only where "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Ultimately, the Court need not decide whether Plaintiff seeks a TRO or a preliminary injunction because Plaintiff fails to carry his burden of showing the circumstances in this case "clearly demand" any type of preliminary equitable relief. *Cf. Lexington-Fayette Urban County Government*, 305 F.3d at 573.

### II. Plaintiff's First Amendment Claim

Plaintiff alleges that Defendants violated his First Amendment rights by issuing a false "major misconduct" ticket in retaliation for a grievance Plaintiff had previously filed against Defendant Havens, a registered nurse at Boyer Road Correctional Facility. Plaintiff seeks an order expunging the misconduct ticket from his official prison record.

#### A. Likelihood of Success on the Merits

To prevail at trial on his First Amendment retaliation claim, Plaintiff must show that (1) he engaged in protected conduct; (2) he suffered an adverse action; and (3) there is a causal connection between the protected conduct and the adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff may establish the third element of this test by showing that "his protected conduct was a motivating factor behind the adverse action he suffered and that the officials would not have taken the adverse action in the absence of his protected activity." *Scott v. Stone*, 245 Fed. Appx. 469, 474 (6th Cir. 2007) (citing *Thaddeus-X*, 175 F.3d at 399.)

---

of Exhaustion Proof of Service" (docket # 34). Plaintiff appears to have served that document on Defendants approximately one month after the Magistrate Judge issued his Report and Recommendation. (*See* docket # 34).

At this stage of the case, Plaintiff fails to show a substantial likelihood of success on the merits because he cannot establish that he received the major misconduct tickets because he engaged in protected activity. *See Scott v. Stone*, 245 Fed. Appx. at 474. Plaintiff contests the validity of the major misconduct ticket and the motive of the issuing official, but his bare factual averments do not establish that the tickets were unwarranted or that he would not have received those tickets but for the protected activity. Absent such a showing, this Court cannot conclude that Plaintiff has a strong likelihood of succeeding at trial. *See Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007) (noting that a proven infraction of prison rules generally entitles defendant to summary judgment on First Amendment retaliation claims arising out of the violation); *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005) ("A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates a retaliation claim.'" (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994))). Even if Plaintiff is able to show a disputed issue of fact over whether Defendants' actions constitute justifiable prison disciplinary measures or unconstitutional retaliation, such a showing does not warrant preliminary equitable relief. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.").

### B. Irreparable Injury

The Report and Recommendation determined that Plaintiff failed to set forth facts showing that immediate and irreparable injury will result if his request for equitable relief is denied. Plaintiff objects to this aspect of the Report and Recommendation, arguing that the misconduct ticket prevents him from obtaining a job in the prison library or entry into a residential substance abuse program. Neither of these harms is irreparable. If Plaintiff were to succeed on the merits and obtain

expungement of the misconduct ticket he could be made whole by a damages award or re-application to the residential substance abuse program. *Cf. Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The key word in this consideration is irreparable. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") Moreover, to the extent Plaintiff's Complaint alleges that the major misconduct tickets will prevent him from obtaining parole, such speculative and theoretical harm does not warrant preliminary equitable relief. The decision to grant or deny parole is left to the discretion of the Michigan Parole Board, s*ee* M.C.L. §§ 791.234, 791.235, and this Court is in no position to speculate what the Parole Board may or may not do at a future hearing. *See*, *e.g.*, *Dotson v. Wilkinson*, 329 F.3d 463, 471 (6th Cir. 2003) ("[T]he broad discretion afforded to the Parole Board leaves us with little ability to predict what will 'necessarily' occur as a result of Johnson's new parole hearing.")

### C. Substantial Harm to Others and Public Interest

Given that Plaintiff has failed to show either a substantial likelihood of success on the merits or a threat of irreparable injury, the last two factors of the four factor balancing test do not alter the outcome of this case. *See*, *e.g.*, *Gonzalez v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also In re DeLorean Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue). While an in-depth analysis of these factors is not critical to this case, the Court notes that granting Plaintiff's requested relief would force the Court to discredit the on-the-spot determinations of the prison officials who issued the misconduct tickets and the motives of the

officials who administered hearings addressing the validity of those tickets. The bare factual averments in this case do not merit such an intrusion on the Michigan prison system. Accordingly, the Court exercises its discretion to deny Plaintiff's request for an order expunging the major misconduct ticket or otherwise prohibiting Defendants from enforcing that ticket.

### III. Plaintiff's Eighth Amendment Claim

Plaintiff alleges that Defendants' approach to his medical treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. The gravamen of Plaintiff's claim is that Defendants refuse to recognize that Plaintiff needs surgery to remove surgically-implanted screws from his leg. In his original Petition for Immediate Preliminary Injunctive Relief (docket # 3) Plaintiff sought an order requiring Defendants to "immediately schedule Plaintiff for specialist appointments and doctor appointment." Plaintiff has since received the requested consultation with a specialist, but he now seeks a court order requiring Defendants to transfer him to a different facility "where arrangements 'may possibly' be made to have the corrective surgery performed." (*See* Objections to Report and Recommendation, docket # 35, at 7,11.)

#### A. Likelihood of Success on the Merits

To prevail on his Eighth Amendment Claim, Plaintiff must show that Defendants acted with "deliberate indifference to [his] serious medical needs." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference is a "reckless disregard of a substantial risk of serious harm." *Rumsey v. Michigan Dept. of Corrections*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman*, 350 F.3d at 44.

Plaintiff presents no admissible evidence from any medical professional stating that Plaintiff needs surgery on his leg. Plaintiff contends that his personal physician ordered surgery to remove the screws in his leg, but the evidence in the record indicates otherwise. (*See* Objections to Report and Recommendation, docket # 35, Exhibit 14, Letter from Michael J. Wolohan, M.D.) In a March 15, 2008 letter, Plaintiff's personal physician stated:

> We discussed that *if you wished* you could pursue hardware removal, that is to say removal of the plate and screws from your hip. You were advised of the pros, cons, risks, benefits and non-operative treatment alternative.

(*Id.*) (emphasis added). Plaintiff also argues that the orthopedic specialist he consulted with, Dr. Levin, ordered surgery. The only evidence Plaintiff offers regarding Dr. Levin's diagnosis is an affidavit from Plaintiff recounting what Dr. Levin said to him. (*See* Objections to Report and Recommendation, docket # 35, Exhibit 15.) Not only is this affidavit hearsay, but Plaintiff's recitation of Dr. Levin's diagnosis is inconsistent with prison officials' understanding of that diagnosis. (*See* Plaintiff's Notice of Proper Request for Preliminary Injunction, docket # 34, Exhibit 1, Step II Grievance Response).

Plaintiff has failed to show a strong likelihood of success on the merits because he cannot show that Defendants' refusal to transfer him or perform surgery on him constitutes a "reckless disregard for a substantial risk of human harm." *See Rumsey*, 327 F. Supp. 2d at 777; *Bowman*, 350 F.3d at 544. There is no admissible evidence in the record indicating that any medical professional has ever determined surgery is necessary. Plaintiff's subjective belief that surgery is required cannot substitute for the professional diagnosis of trained physicians. *See Rumsey*, 327 F. Supp. 2d at 777 ("Basically, there must be a knowing failure or refusal to provide urgently needed medical care . . . and the court must consider the wide discretion allowed prison officials in their treatment of

prisoners under authorized medical procedures."). Even if Plaintiff is able to show a disputed issue of fact over whether surgery is "urgently needed," such a showing does not warrant preliminary equitable relief. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.").

### B. Irreparable Injury

The Report and Recommendation determined that Plaintiff failed to set forth facts showing that immediate and irreparable injury will result if his request for preliminary equitable relief is denied. Plaintiff objected to this part of the Report and Recommendation, but his objection is little more than a restatement of his initial argument: if surgery is not performed, Plaintiff's physical condition will worsen. Absent a conclusive statement from a medical professional showing that surgery is required, the Court cannot conclude that surgery (or a transfer in preparation for surgery) is necessary to prevent irreparable harm. In fact, the Court notes that the Step II Grievance Response contained in Plaintiff's Notice of Proper Request for Preliminary Injunction (docket # 34, Exhibit 1) seems to indicate that surgery would do more harm than good. That Response states that the specialist Plaintiff met with "recommended no surgery because of the high risk of re-fracture and/or infection." (*Id.*) This Court is in no position to second guess the judgment of a trained medical professional regarding the proper course of treatment. Accordingly, Plaintiff has failed to establish that preliminary equitable relief is necessary to prevent irreparable harm.

### C. Substantial Harm to Others and Public Interest

Given that Plaintiff has failed to show either a substantial likelihood of success on the merits or a threat of irreparable injury, the last two factors of the four factor test do not alter the outcome

of this case. *See*, *e.g.*, *Gonzalez v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also In re DeLorean Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue). While an in-depth analysis of these factors is unnecessary, the Court notes that granting Plaintiff's requests would force the Court to set aside the diagnoses of the trained medical professionals working in Michigan state prisons without the benefit of a fully developed factual record. Absent some evidence that Defendants are "knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so," the balance of harms and the public interest weigh against such an extraordinary intrusion on the state penal system. *See Cox v. Jackson*, 579 F. Supp. 2d 831, 854 (E.D. Mich. 2008); *see also U.S. v. State of Michigan*, 940 F.2d 143, 167 (6th Cir. 1991) ("[The] underlying and restrictive principles of comity and federalism are perhaps nowhere more compelling than in actions seeking relief against unconstitutional practices, policies and conduct manifest in state penal institutions.")

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 13, 2008, is approved and adopted as the opinion of the Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Immediate Preliminary Injunctive Relief (docket # 3) is **DENIED**.

Dated:     March 2, 2009                        /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          UNITED STATES DISTRICT JUDGE