UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EARL WHITE,

        Plaintiff,                        Case No. 1:08-CV-277

v.                                            Hon. Robert J. Jonker

CORRECTION MEDICAL SERVICES
INC., et al.,

        Defendants.
_____/

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (docket # 50) addressing a Motion to Dismiss by three defendants (CMS, Craig Hutchinson, M.D., and Thomas LaNore, P.A.) on grounds of failure to exhaust. Plaintiff filed timely objections (docket # 51). When a party objects to portions of a Report and Recommendation, "the district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review of the record here, the Court finds the Report and Recommendation is factually sound and legally correct.

The Report and Recommendation carefully articulates the basis for Plaintiff's failure to exhaust grievances against the three moving Defendants. Plaintiff's objection concedes the failure to exhaust, but argues that exhaustion should be excused as a matter of policy or efficiency. Plaintiff's position lacks merit. As the Magistrate Judge's Report recites, exhaustion is a matter of statutory mandate. The Supreme Court has repeatedly upheld the statutory requirement. There is no basis in law or fact for this Court to waive the statutory requirement.

The only other objection asserted by Plaintiff is his claim that he should have received a default judgment against these Defendants. The record does not support this claim at all. The record discloses no Clerk's entry of default, no motion for default judgment and no basis for default against the moving Defendants.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 50) is approved and adopted as the Opinion of the Court. **IT IS FURTHER ORDERED** that the motion of Defendants CMS, Dr. Hutchinson and P.A. LaNore (docket # 21) is **GRANTED**, and that these Defendants are dismissed for lack of exhaustion.


Dated:   March 6, 2009                           /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE